IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT E. BOYKIN, | § | |
| | § | No. 96, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1505004033 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 25, 2017
Decided: January 18, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

This 18th day of January 2018, having considered the parties' briefs on appeal and their supplemental memoranda addressing an error in the record, it appears to the Court that:

(1) In April 2015, New Castle County Safe Streets began investigating Robert E. Boykin, a Level III probationer, on the suspicion that Boykin was selling crack cocaine out of a motel room in New Castle County.[1] On May 7, 2015, a team of police and probation officers observed Boykin engaging in what appeared to be

---

[1] New Castle County Safe Streets is a collaborative operation between County Police and State Probation and Parole. The program is designed to apprehend offenders who are not complying with the terms of their probation.

hand-to-hand drug transactions from his motel room. The officers also watched Boykin leave the motel room, get into the driver's seat of a car, and drive away. Knowing that Boykin was driving on a suspended or revoked driver's license, the officers conducted a traffic stop, which was recorded by the patrol vehicle's dash cam video recorder.

(2) In a search of the immediate area of the traffic stop, the police found two baggies containing crack cocaine approximately twenty-five yards behind Boykin's car. Then, in a pre-approved administrative search, a probation officer found drug paraphernalia—and Boykin's girlfriend—in Boykin's motel room. Boykin's girlfriend advised the officer that Boykin had been selling crack cocaine from the motel room where she and Boykin had been living for several weeks.

(3) Boykin was indicted in July 2015 for drug dealing, illegal possession of a controlled substance (hereinafter "Illegal Possession"), possession of drug paraphernalia, and driving on a suspended or revoked license. Boykin pleaded guilty on November 9, 2015 to drug dealing and Illegal Possession and was sentenced on December 18, 2015. For drug dealing, the Superior Court re-declared Boykin a habitual offender and sentenced him to six years and six months of Level V incarceration. For Illegal Possession, the court imposed one year of Level V incarceration suspended for probation.

(4) In 2016, Boykin filed a timely *pro se* motion for postconviction relief raising claims of ineffective assistance of counsel, prosecutorial misconduct, and involuntary guilty plea. All of the claims revolved around Boykin's contention that, contrary to what he was told by a police detective following his arrest, the dash cam video recording of the traffic stop did not show him throwing the baggies of crack cocaine from his car window.

(5) Boykin requested and was appointed postconviction counsel. After reviewing the record, postconviction counsel moved to withdraw on the basis that Boykin's claims were without merit and counsel could find no other substantial grounds for relief. By decision dated January 30, 2017, the Superior Court granted the motion to withdraw and denied the motion for postconviction relief.[2] This appeal followed.

(6) Having carefully considered the parties' briefs and the Superior Court record, we affirm the judgment of the Superior Court on the basis of the court's well-reasoned decision of January 30, 2017. The Superior Court did not abuse its discretion or commit legal error when determining that Boykin's claims of ineffective assistance of counsel and prosecutorial misconduct were without merit and that Boykin's involuntary guilty plea claim was belied by the record.[3]

---

[2] *State v. Boykin*, 2017 WL 420162 (Del. Super. Jan. 30, 2017).
[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

3

(7)     When reviewing this appeal after the briefs were filed, the Court noted several places in the record where Illegal Possession—one of the charges for which Boykin was indicted, pleaded guilty, and sentenced—was listed in error as Illegal Possession *with an aggravating factor*.[4]     We asked the parties to submit supplemental memoranda addressing the error.

(8)     In its memorandum, the State advised that it investigated the matter and discovered that "there was an input error at some point into [the] JIC [system]."[5]  As a result of the input error, the Illegal Possession charge appeared in the case docket as Illegal Possession *with an aggravating factor*.

(9)     By statute, a person charged and convicted of Illegal Possession *with an aggravating factor* is subject to a one-year prison sentence.[6]  A person charged and convicted of Illegal Possession is subject to a six-month prison sentence.[7]

(10)    In this case, the Superior Court correctly accepted Boykin's guilty plea to Illegal Possession[8] but then incorrectly sentenced Boykin to a one-year prison

---

[4] The error also was noted in the Superior Court's order appointing postconviction counsel but was not addressed in the motion to withdraw filed by postconviction counsel or in the court's January 30, 2017 decision.

[5] State's Supp. Memo. at 1.  JIC (Judicial Information Center) is responsible for court technology.

[6] *See* 16 *Del. C.* § 4763(c) (providing that illegal possession of a controlled substance with an aggravating factor is a class A misdemeanor); 11 *Del. C.* § 4206(a) (providing that a sentence for a class A misdemeanor may include up to one year of Level V incarceration).

[7] *See* 16 *Del. C.* § 4763(b) (providing that illegal possession of a controlled substance is a class B misdemeanor); 11 *Del. C.* § 4206 (b) (providing that a class B misdemeanor may include up to six months of incarceration).

[8] Guilty Plea Hr'g Tr. at 20–21 (Nov. 9, 2015).

sentence suspended for probation.[9] Also, the automated sentence order in the record incorrectly lists the Illegal Possession charge as Illegal Possession *with an aggravating factor*.[10]

(11) The Court has determined that this matter should be remanded to the Superior Court for corrective action. On remand, the court is instructed to take whatever steps are necessary to correct the record to reflect that Boykin was indicted for and pleaded guilty to Illegal Possession.[11] Also, the court shall correct the sentence.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's denial of Boykin's motion for postconviction relief is AFFIRMED. This matter is REMANDED to the Superior Court for corrective action in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[9] Sentencing Tr. at 10 (Dec. 18, 2015).
[10] *See* Docket at 21, *State v. Boykin*, Del. Super., Cr. ID No. 1505004033.
[11] *See* Del. Super. Ct. Crim. R. 36 ("Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.").